WELCH, J.,
Concurring in Part, Dissenting in Part.
Li concur with the majority opinion with respect to the evidentiary rulings and the allocation of fault to DOTD; however, I dissent from that portion of the opinion upholding the trial court’s $150,000.00 award for future medical expenses because I find there is no reasonable basis in the record to support that award.
Future medical expenses must be established with some degree of certainty. Grayson v. R.B. Ammon and Associates, Inc., 99-2597, p. 35 (La.App. 1st Cir.11/3/00), 778 So.2d 1, 23, writs denied, 2000-3270, 2000-3311 (La.1/26/01), 782 So.2d 1026, 1027. An award for future medical expenses must be supported by medical testimony as to the need for such expenses and their probable cost. Spangler v. Wal-Mart Stores, Inc., 1995-2044, p. 7 (La.App. 1st Cir.5/10/96), 673 So.2d 676, 681. It is true that courts have upheld future medical expense awards in the absence of a precise dollar figure where there was other evidence in the record to support the award. See e.g. Doucet v. Doug Ashy Bldg. Materials, Inc., 95-1159 (La.App. 3d Cir.4/3/96), 671 So.2d 1148 (upholding a future medical award where there was evidence of the cost of past medical treatment in the record). However, such evidence is clearly lacking in this case.
Although the evidence showed that as a result of his pain, Mr. Goza would likely continue to require pain medications and would need to consult with Dr. Barrow four times a year for management of his *339 medications, there is no evidence in the record as to the probable cost of that treatment. Dr. Barrow did not testify as to the probable cost of Mr. Goza’s future pain management treatment, nor did he provide any testimony as to the cost of Mr. Goza’s past pain management 12treatment. Moreover, the $326,000.81 past medical expense award does not provide a reasonable basis on which to calculate an amount for future pain management treatment because those expenses were stipulated to by the parties without regard to the particular medical treatment Mr. Goza received. Any monetary award for future medical expenses under the circumstances of this case would require sheer speculation by the fact finder. Because Mr. Goza failed to offer evidence to establish future medical expenses with any degree of certainty, I believe the trial court erred in awarding $150,000.00 in future medical expenses, and for that reason, I would reverse the award for future medical expenses.